UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMIMON, INC., and AMIMON, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> SHENZHEN HOLLYLAND TECH CO., LTD., EC PRO VIDEO SYSTEMS INC., and IKAN INTERNATIONAL, LLC, <br><br> Defendants. | Case No. 1:20-CV-09170 <br><br> **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

**THIS MATTER** having been commenced by Plaintiffs Amimon, Inc., and Amimon, Ltd. (collectively, "Amimon") by filing the Complaint (ECF No. 1) against Defendants Shenzhen Hollyland Tech Co., Ltd.("Hollyland"); EC Pro Video Systems, Inc. ("EC Pro"); and Ikan International, LLC ("Ikan") (collectively, "Defendants") on November 2, 2020;

Ikan and Amimon having agreed to the entry of this Consent Judgment and Permanent Injunction (the "Consent Judgment");

Ikan having agreed and acknowledged service for the sole purposes of consenting to jurisdiction and enforcement by this Court of the Consent Judgment;

NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties, and ORDERED AND ADJUDGED, and made effective as of this 9th day of December, 2020, as follows:

1.  This Court has personal jurisdiction over Ikan in connection with the Consent Judgment. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 2201, 2202, the trade secret laws of the United States, 18 U.S.C. §§ 1836 and 1839. This Court has

supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367(a) because the federal and state law claims derive from a common nucleus of operative facts.  This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

2. Ikan consents to the jurisdiction of this Court to enter and enforce an order against it, its officers, employees, servants, agents, licensees, attorneys, successors-in-title, affiliates, subsidiaries and assigns, all those in active concert and participation with any of them, and hereby consents to the entry of this Consent Judgment.

3. This Court hereby directs final judgment in favor of Plaintiff and against Ikan in accordance with the terms herein.

4. Amimon is the owner of certain Confidential Business Information, valuable copyrights and trade secrets contained in and relating to low latency wireless high-definition audio-video transmission, as described in the Complaint.

5. The Complaint filed by Amimon asserts the following claims against Ikan: (1) Trade Secret Misappropriation Under the Defend Trade Secrets Act (18 U.S.C. 1836(b), 1839, et seq.) (2) Trade Secret Misappropriation Under New York Law; (3) Copyright Infringement (17 U.S.C. 106); and (4) Unfair Competition – Misappropriation of Skills and Expenditures. All of these claims relate to certain products of Hollyland containing the Confidential Business Information, copyrighted software and trade secrets of Amimon.

6. Ikan and Amimon have agreed to resolve these claims against Ikan by agreeing to the terms of a Confidential Settlement Agreement, which includes entry of this Consent Judgment.  Therefore, Ikan, its subsidiaries, affiliates, officers, agents, servants, employees, and

those persons in active concert or participation with Ikan, are hereby enjoined and directed as follows:

    a) Ikan and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns, and those acting on behalf or in active concert or participation with any of them, are prohibited from unfairly competing with Amimon by using Amimon's trade secrets, including, but not limited to, through the sale of any product incorporating an Amimon chipset supplied by Defendant Hollyland.

    b) Ikan is ordered to return all Amimon confidential and proprietary information in its possession and to cease and desist from any efforts to encourage employees and other individuals to breach any Amimon non-disclosure and/or confidentiality agreements.

7. This Court shall retain jurisdiction of this matter for the purpose of enforcing the terms and provisions of this Consent Judgment.

8. The parties shall bear their own costs and fees.

9. Any remaining claims as between Amimon and Ikan as well as any claim or request for costs or fees by or between the parties, their parents, subsidiaries, affiliates, officers, directors, members, owners, agents, servants, and employees whether past, present, known or unknown not otherwise addressed by this Consent Judgment which were raised in the Civil Action, are hereby dismissed with prejudice.

Dated: 12/9/2020

                                            Hon. Edgardo Ramos
                                            United States District Court Judge

**CONSENT**

The foregoing Consent Judgment and Permanent Injunction is approved as to form and substance, and the entry thereof is hereby consented to, and the respective parties have agreed to waive, and do hereby waive, all rights of appeal which they may have from said Consent Judgment and Permanent Injunction.

By: /s/ _____  
    Charles Palella (CP6642)  
    David M. Magee (pro hac vice forthcoming)  
    Armstrong Teasdale LLP  
    919 Third Avenue, 37th Floor  
    New York, NY 10022  
    Telephone: 212.209.4400  
    Fax: 314.621.5065  
    cpalella@atllp.com  
    dmagee@atllp.com  

ATTORNEYS FOR PLAINTIFFS  
AMIMON, INC., and AMIMON, LTD.

By: /s/ _____  
    James Tian  
    Chief Executive Officer  
    IKAN INTERNATIONAL LLC  
    11500 S. Sam Houston Pkwy. W.  
    Houston, TX 77031  
    Telephone: 713.272.8822  
    Fax: 713.995.4994  

FOR DEFENDANT  
IKAN INTERNATIONAL, LLC