**MEMO ENDORSED**

# Allan Chan & Associates
Attorney at Law

December 23, 2021

> The Court having reviewed the parties' correspondence regarding Doc. 81, the parties are hereby directed to jointly file a revised discovery plan and report by January 3, 2022.
>
> SO ORDERED:
>
> _____
> HON. EDGARDO RAMOS
> UNITED STATES DISTRICT JUDGE
> December 27, 2021

Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
Via Electronic Filing

Re: Amimon Inc. and Amimon LTD v. Shenzhen Hollyland Tech Co. et al. Civil Case No. 1:20-cv-09170-ER

Honorable Judge Ramos:

The Plaintiff filed a false Joint Report in this matter. The issues regarding the applicability of the Hague Convention to both the Israeli plaintiff and the Chinese defendant, was resolved during negotiation with the plaintiff's attorney, Karl Fisher. The false so-called Joint Report was not the final position taken by the defendants in this matter, it was part of negotiations. The defendant agreed to conduct depositions pursuant to FRCP without violating any Chinese law(s) or subjecting the Chinese defendants to criminal penalty in China. We spent approximately an hour working on that issue. Therefore, to be ambushed with a false filing, is patently unfair and unethical.

Based on the agreement to conduct depositions pursuant to the FRCP, the Plaintiff, had an ethical duty to remove any position statement from the filing of the Joint Report. It is the defendant's position that filing the false one-sided Report was done maliciously to make the Chinese defendants appear to be obstructing the legal process. The truth of the matter is that said Defendants of their own volition, resolved the matter amicably with Plaintiff's attorneys. The Joint Report should be struck from the record. With respect to the Protective Order, the Plaintiff failed to provide the Defendant with a prototype or form of its proposed protective order.

Based on that fact, plaintiff's assumption about "disagreement" put the cart before the horse. The Defendants in fact sent an email to the Plaintiff's attorneys stating that, Defendant will also seek a Protective Order in this matter. Plaintiff's attorneys have failed to respond. It is likely that the Plaintiff will seek defendant's protected confidential information regarding pricing, technology, and or customer lists etc. Defendants, trade secrets should likewise be protected in this matter, it's only fair. Therefore, the Scheduling Order should be amended to include the fact that defendants will negotiate and submit a Protective Order. Alternatively, a joint order can be submitted.

1

      Again, based upon the foregoing, the Position Statement submitted by Plaintiff's attorneys should be stricken due to its falsity. At the end of negotiations, we informed the Plaintiff's attorney that we trust him to correctly file our negotiated position. Apparently, we should not have had such trust. Additionally, the Scheduling Order should be amended to include the addition of defendant's Protective Order or the submission of a mutually agreed upon Protective Order covering all parties to the litigation.

      Respectfully Submitted

/s Allan Chan
Allan Chan
John Johnson
Allan Chan & Associates
30 Wall Street, 8th Floor
New York, NY 10005
(212) 561-5490
achan@chanesq.com