**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| AMIMON INC. and AMIMON LTD,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>SHENZHEN HOLLYLAND TECH CO.<br>LTD and EC PRO VIDEO SYSTEMS INC.,<br><br>　　　　　　　Defendants. | Civil Action No. 1:20-cv-09170-ER |

**[~~PROPOSED~~ STIPULATED] PROTECTIVE ORDER**

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order alone does not entitle them to file confidential information under seal; the Individual Practices of Judge Edgardo Ramos sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## 2.    DEFINITIONS

2.1    **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    **"CONFIDENTIAL" Information or Items:** information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule

of Civil Procedure 26(c) including, but not limited to all non-public materials constituting or containing trade secrets; confidential research and development information; financial plans, data, or projections; expert studies or analyses; computer code; competitive analyses; financial or tax data; sensitive personal, financial, or medical information regarding any current or former employee of any Party; materials subject to any confidentiality or non-disclosure agreement with any Non-Party; or other commercially sensitive or proprietary information that could have a seriously deleterious effect on any Party's competitive position or business opportunities if the information becomes public, including without limitation customer lists, pricing information, or marketing strategies and techniques.

2.3     **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY."

2.4     **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5     **Expert:** a person with specialized knowledge or experience in a matter relevant to the litigation who has been retained by a Party or its Outside Counsel of Record to serve as an expert witness or as a consultant in this action.

2.6     **"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items:** particularly sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of competitive harm that could not be avoided by less restrictive means.

2.7     **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.8**    **Outside Counsel of Record:** attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party (as well as their support staff).

**2.9**    **Party:** any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

**2.10**    **Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this action. Sometimes referred to herein as Designating Party.

**2.11**    **Professional Vendors:** persons or entities—employed or retained by a Party— that provide litigation support services (e.g., photocopying; imaging; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, processing, or retrieving data in any form or medium; and setting up, maintaining, and/or operating computer systems or litigation databases or converting data for inclusion in such databases) and their employees and subcontractors.

**2.12**    **Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY"

**2.13**    **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.**    **SCOPE**

Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material or who is known to have received it other than in this litigation. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

conversations, or presentations by Parties or their Outside Counsel of Record that reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order. This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way.

## 4.    DURATION

Unless modified, superseded, or terminated pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation, including any appeals. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

## 5.    DESIGNATING PROTECTED MATERIAL

**5.1    Exercise of Restraint and Care in Designating Material for Protection.**  Each Party or Non-Party that designates information or items available for protection under this Order will make good-faith efforts to limit any such designation, to the extent reasonably practicable, to specific material that qualifies under the appropriate standards.  To the extent it is practical to do

so, the Designating Party shall designate for protection only those parts of deposition transcripts that qualify – so that other portions of the materials for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

      **5.2**    **Manner and Timing of Designations.** Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated when the material is disclosed or produced.

      Designation in conformity with this Order requires:

      (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY" to each page.

      A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE— OUTSIDE COUNSEL'S EYES ONLY" as applicable. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY" to each page that contains Protected Material. In any instance where a Producing Party asserts a higher level of protection to Discovery Material after its initial production, the higher protection level shall apply to the materials only as of the time of their re-designation. Persons who obtain access to

such materials prior to their re-designation shall, from the time of notice to them of the materials' re-designation, restrict their review or use of those materials in accordance with the higher protection level.

(b) deposition testimony and the transcripts and video recordings thereof of depositions conducted during pretrial discovery in this litigation shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY."

(c) for a period of 21 days, or for as many days as the Parties shall agree, after receipt of the final versions of such deposition transcript and/or video recordings to allow time for the deponent or counsel for that deponent, or any Party or Non-Party or its counsel, to notify all Parties of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY" information contained therein. Such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY" information shall be designated by page and line number, and video cassettes (or other storage media) shall be labeled in accordance with the provisions of this Order.

(d) deposition testimony and the transcripts and video recordings thereof of depositions conducted during pretrial discovery in this litigation shall temporarily be treated as "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" for the duration of period of time between the testimony being given and the deadline for the Designating Party to assign a permanent designation as outlined above in (c). After the expiration of that period, the transcript shall be treated only as actually designated.

(e) Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. The Designating Party shall inform the court reporter of this requirement.

(f) The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY."

To the extent that any individual not entitled to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY" documents or information as set forth herein, attends a deposition or other proceeding at which "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY" documents or information topics are discussed, the individual shall leave the room as appropriate to protect such information in accordance with this Order.

(c) for information produced in some form other than documentary and for any other tangible items, the Producing Party shall furnish a separate written notice to the undersigned counsel for the Party receiving such information that such information, or portions of the information, are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY."

**5.3    Inadvertent Failures to Designate.** Inadvertent production of or failure to designate any information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY" shall not be deemed a waiver of the Producing Party's claim or confidentiality as to such information, and the Producing Party may thereafter designate such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY" as appropriate. No addition of a designation or change to a designation shall be permitted after the deadline for submittal of final pretrial disclosures.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    **6.1**    **Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time prior to the deadline for submittal of final pretrial disclosures. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    **6.2**    **Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must identify the challenged designation by Bates number or Bates range and recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 business days of the date of service of notice via email, or other time period as the parties shall agree. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The parties may consider any reasonable compromise to resolve the dispute including changing designations for a portion of the materials, redacting certain information, or agreeing to factual stipulations.

    **6.3**    **Judicial Intervention.** If the Parties cannot resolve a challenge through the meet and confer process, the Challenging Party may file and serve a motion, in accordance with the Individual Practices of Judge Edgardo Ramos, to contest confidentiality. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding Section. The burden of persuasion in any

such challenge proceeding shall be on the Challenging Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Discovery Material shall not be entitled to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY" designation where the Challenging Party demonstrates that such material was in the public domain at the time of, or has become public since, its designation. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF DISCLOSURE OR DISCOVERY MATERIAL**

**7.1    Basic Principles.** A Receiving Party may use Disclosure or Discovery Material provided by another Party or by a Non-Party only for the purpose of this litigation and/or settlement and not for any other purpose directly or indirectly, including without limitation, any business purpose. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party under reasonable precautions to avoid unauthorized disclosure.

Nothing herein shall impose any restrictions on the use or disclosure by a Party or witness of documents, material, or information rightfully obtained by such Party or witness independently of the discovery proceedings in this action, whether or not such documents, material, or information are also obtained through discovery proceedings in this action.

**7.2    Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that any retained Expert is not, at the time the Discovery Material is to be disclosed, a Party in this action or an employee of a Party in this action (nor known to the engaging Party to have accepted an offer to become an employee of a Party in this action);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, and mock jurors, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g) Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court provided, however, that if a witness refuses to execute Exhibit A, the admonition on the record that he or she is subject to sanctions for violating the terms of this Protective Order shall serve as a substitute for the execution of Exhibit A, and shall be sufficient to allow for examination of the witness as to Confidential Information. Pages of transcribed deposition testimony or exhibits to depositions

that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j) any Court-ordered mediator who is assigned to hear this matter, or any mediator upon which the parties stipulate agreement to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(k) in-house counsel for each of the Parties to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A),

(l) any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

**7.3   Disclosure of "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.5, below, have been followed and no unresolved objections to such disclosure exist after proper notice has been given to the Designating Party, provided that any retained Expert is not, at the time the Discovery Material is to be disclosed, a Party in this action or an employee of a Party in this action (nor known to the engaging Party to have accepted an offer to become an employee of a Party in this action);

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, and mock jurors, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or any current employee of the Producing Party;

(h) any mediator Court appointed/stipulated who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(i) any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

7.4     **Disclosure of "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY."[1]**   A Designating Party may designate documents, information, or things as "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY," which shall mean Confidential Information or Items of a Designating Party or of any Non-Parties that a Designating Party is permitted to produce in this Action that constitutes or contains non-public Source Code.

(a)     "Source Code" shall mean source code and object code, including without limitation, computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator). For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

---

[1] Adapted from USITC Model Administrative Protective Order Source Code Provisions available at https://www.usitc.gov/press_room/documents/featured_news/Ediscovery_attachment1.pdf.

(b)      Materials designated as "HIGHLY CONFIDENTIAL SOURCE CODE—
OUTSIDE COUNSEL'S EYES ONLY," shall only be reviewable by SOURCE CODE
QUALIFIED PERSONS. SOURCE CODE QUALIFIED PERSONS include the following:

1) the Receiving Party's Outside Counsel of Record as necessarily incident to the
litigation of this action;

2) personnel at document duplication, imaging or scanning service establishments
retained by, but not regularly employed by, Outside Counsel of Record as necessarily incident to
the litigation of this Action;

3) the Court and its personnel;

4) court reporters and their staff; and

5) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this
litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),
and (3) as to whom the procedures set forth in Section 7.5, below, have been followed and no
unresolved objections to such disclosure exist after proper notice has been given to the
Designating Party, provided that any retained Expert is not, at the time the Discovery Material is
to be disclosed, a Party in this action or an employee of a Party in this action (nor known to the
engaging Party to have accepted an offer to become an employee of a Party in this action);

(c)      Source Code which may be provided during the discovery process of this
litigation shall only be provided to SOURCE CODE QUALIFIED PERSONS.

(d)      Access to Source Code shall be provided on at least two "stand-alone" computers
(that is, the computers may not be linked to any network, including a local area network
("LAN"), an intranet, or the Internet and may not be connected to any printer or storage device
other than the internal hard disk drive of the computer). The stand-alone computers shall be kept
in a secure location at the New York offices of the Designating Party's Outside Counsel of
Record, or at such other location as the Designating Party and Receiving Party mutually agree.
Each stand-alone secure computer may be password protected and shall have the Source Code

stored on a hard drive contained inside the computer. The Designating Party shall produce Source Code in computer searchable format on the stand-alone computer.

Each stand-alone computer shall, at the Receiving Party's request, include reasonable analysis tools appropriate for the type of Source Code . The Receiving Party shall be responsible for providing the tools or licenses to the tools that it wishes to use to the Designating Party so that the Designating Party may install such tools on the stand-alone computers.

1)      The Receiving Party shall make reasonable efforts to restrict its requests for access to the stand-alone secure computers to normal business hours, which for purposes of this Section shall be 9:00 a.m. through 6:00 p.m. local time at the reviewing location. Upon reasonable notice from the Receiving Party, which shall not be less than three (3) business days in advance, the Designating Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the computers outside of normal business hours. Such an expanded review period shall not begin earlier than 8:00 a.m. and shall not end later than 8:00 p.m. local time at the reviewing location. The parties agree to cooperate in good faith such that maintaining the Source Code at the offices of the Designating Party's Outside Counsel of Record shall not unreasonably hinder the Receiving Party's ability to efficiently conduct the prosecution or defense in this litigation. Proper identification in the form of a driver's license or passport EXPERT(S) ALL SOURCE CODE QUALIFIED PERSON shall be provided prior to any access to the stand-alone secure computers.

2)      All SOURCE CODE QUALIFIED PERSONS who will review Source Code on behalf of a Receiving Party shall be identified in writing to the Designating Party at least seven (7) business days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any disclosure required under Section 7.5 of this Protective Order. The Designating Party shall provide these individuals with information explaining how to start, log on to, and operate the stand-alone computers in order to access the produced Source Code on the stand-alone secure computers. For subsequent reviews by SOURCE CODE

QUALIFIED PERSONS, the Receiving Party shall give at least one business day (and at least 24 hours) notice to the Designating Party of such review.

3)      No person other than the Designating Party may alter, dismantle, disassemble or modify the stand-alone computers in any way, or attempt to circumvent any security feature of the computers. No security feature(s) of said computers shall prohibit or interfere in the Receiving Party's review in any manner.

4)      No copies shall be made of Source Code, whether physical, electronic, or otherwise, other than volatile copies necessarily made in the normal course of accessing the Source Code on the stand-alone computers, except for: (1) hard copy print outs of <u>reasonable</u> portions of the Source Code in accordance with the provisions of this Protective Order; and (2) such other uses to which the parties may agree or that the Court may order. No outside electronic devices, including but not limited to laptop computers, USB flash drives, zip drives, or devices with camera functionalities shall be permitted in the same room as the stand-alone computers. The Designating Party may exercise personal supervision from outside the review room over the Receiving Party when the Receiving Party is in the Source Code review room. Such supervision, however, shall not entail review of any work product generated by the Receiving Party, e.g., monitoring the screens of the stand-alone computers, monitoring any surface reflecting any notes or work product of the Receiving Party, or monitoring the key strokes of the Receiving Party. There will be no video supervision by any Designating Party.

5)      Nothing may be removed from the stand-alone computers, either by the Receiving Party or at the request of the Receiving Party, except for (1) hard copy print outs of <u>reasonable</u> portions of the Source Code in accordance with the provisions of this Protective Order; and (2) such other uses to which the parties may agree or that the Court may order.

6)      At the request of the Receiving Party, the Designating Party shall within three (3) business days provide one (1) hard copy print out of the specific lines, pages of the Source Code that the Receiving Party believes in good faith are necessary to understand a relevant feature of an accused product. During the review of Source Code, if a Receiving Party believes in good

faith that contemporaneous access to hard copy print outs of particular pages of the Source Code are necessary to further the Source Code review, the Receiving Party may request and the Designating Party shall promptly provide one (1) hard copy print out of such pages. The Receiving Party shall limit its requests for contemporaneous access to hard copy print outs to those pages actually necessary to conduct the Source Code review. If the Designating Party objects in any manner to the production of the requested Source Code (e.g., the request is too voluminous or not relevant), it shall state its objection within the allotted five (5) business days pursuant to this Section. In the event of a dispute, the parties will meet and confer within five (5) business days of the objection being raised and if they cannot resolve it the parties will raise it with the Court.

7)     Hard copy print outs of Source Code shall be provided on bates numbered and watermarked or colored paper clearly labeled HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY on each page and shall be maintained by the Receiving Party's Outside Counsel of Record or SOURCE CODE QUALIFIED PERSONS in a secured locked area. The Receiving Party shall exercise due care in maintaining the security of the hard copy print outs at these temporary locations. No further hard copies of such Source Code shall be made and the Source Code shall not be transferred into any electronic format or onto any electronic media except that:

a.     The Receiving Party is permitted to make up to three (3) additional hard copy print outs for use at a deposition.

b.     The Receiving Party is permitted to make up to three (3) additional hard copy print outs for the Court in connection with a filing, hearing, or trial, and of only the specific pages directly relevant to and necessary for deciding the issue for which the portions of the Source Code are being filed or offered. To the extent portions of Source Code are quoted in a Court filing, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY; or (2) those pages containing quoted Source Code will be separately

stamped and treated as HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY.

      c.     Electronic copies of hard copy print outs of the Source Code may only be made to be included in documents which, pursuant to the Court's rules, procedures and order(s), cannot be filed or served in hard copy form and must be filed or served electronically. Only the necessary amount of electronic copies to effectuate such filing or service may be stored on any Receiving Party server, hard drive, thumb drive, or other electronic storage device at any given time. After any such electronic filing or service, the Receiving Party shall delete all electronic copies from all Receiving Party electronic storage devices.

      d.     The Receiving Party is permitted to make up to five (5) identical CD-ROMs or DVDs that contain an electronic copy of the hard copy print outs of Source Code provided by the Designating Party. The Receiving Party may provide these CD-ROMs or DVDs to Qualified Consultants or Qualified Experts, who may use such CD-ROMs solely for active review of the Source Code. The Receiving Party is also permitted to make temporary copies necessarily made in the production of these CD-ROMs or DVDs, provided any such copies are immediately deleted once the temporary copies are no longer required for the production of the CD-ROMs or DVDs.

      8)     The Designating Party shall, on request, make a searchable electronic copy of reasonable portions of the Source Code available on a stand-alone computer during depositions of witnesses who would otherwise be permitted access to such Source Code. The Receiving Party shall make such request at the time of the notice for deposition.

      9)     Nothing in this Protective Order shall be construed to limit how a Designating Party may maintain material designated as HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY.

      10)     Outside Counsel of Record for the Receiving Party with custody of HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY shall maintain a

Source Code log containing the following information: (1) the identify of each person granted access to the HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY; and (2) the first date on which such access was granted. Outside Counsel of Record for the Receiving Party will produce, upon request, each such Source Code log to the Designating Party within twenty (20) days of the conclusion of this action.

**7.5    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S EYES ONLY" Information or Items to Experts.**

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL'S EYES ONLY" pursuant to this Order first must make a written disclosure to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, and (3) includes a copy of Exhibit A signed by the Expert.

(b) A Party that makes a request and provides the information specified in the preceding Section may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based. If the Designating Party determines in less than 7 days that it has no objections to the disclosure, it shall endeavor to inform the requesting Party as soon as practicable.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the

Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**7.6    Legal Advice Based on Protected Material.**  Nothing in this Protective Order shall be construed to prevent Outside Counsel of Record from advising their clients with respect to this litigation based in whole or in part upon Protected Materials, and indicating to the client that Protected Material exists that Outside Counsel of Record has considered in formulating the advice, provided Outside Counsel of Record does not disclose the Protected Material itself except as provided in this Order.

## 8.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) A copy of this Order, once issued by the Court, shall be (i) included with each subpoena served thereafter on Non-Parties, and the subpoena shall state that this Order shall apply to all documents or other information produced in response to the subpoena and (ii) provided to any Non-Party who received a subpoena prior to issuance of this Order.

(b) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY." Such information produced by Non-Parties in connection with this

litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately upon learning of such disclosure (a) notify in writing the Designating Party of all pertinent facts related to the unauthorized disclosures, (b) make every effort to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, and (e) request such person or persons destroy all copies, excerpts, summaries, or compilations of such Protected Material.

**10.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**11.     MISCELLANEOUS**

**11.1     Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court upon due notice to all other Parties.

**11.2     Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

      **11.3    Filing Protected Material.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. Any Protected Material, including deposition transcripts, to be filed with the Court shall be designated as Protected Material and filed under seal according to the rules for the United States District Court for the Southern District of New York and the Individual Practices of Judge Edgardo Ramos.

## 12.    FINAL DISPOSITION

      The Parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter. Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or, at the Receiving Party's option, destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that the destruction or return has been completed. Notwithstanding this provision, Outside Counsel of Record are entitled to retain copies of documents filed with the Court ie; pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, and Outside Counsel of Record's file copies of papers prepared in connection with this matter, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). In addition, all restrictions in this Protective Order regarding the use by any person of information or knowledge obtained from Discovery Material shall continue even after such Discovery Material is returned or destroyed.

Nothing in this provision shall limit the rights, if any, of any Party or Non-Party to object to and seek a ruling of the Court concerning a Party's retention of any Protected Material.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**


DATED: __03/25/2022____ _____          ____/s/ David M. Magee_____
                                        Attorneys for Plaintiffs Amimon Inc. and Amimon
                                        Ltd.



DATED: __03/25/2022_____          ___/s/ Allan Chan (with permission)_____
                                        Attorneys for Defendants Shenzhen Hollyland Tech
                                        Co. Ltd and EC Pro Video Systems Inc.


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**



SIGNED this __25 th__ day of ___March___, 2022.



                              _____
                              HONORABLE EDGARDO RAMOS
                              UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AMIMON INC. and AMIMON LTD,

              Plaintiffs,

   v.

SHENZHEN HOLLYLAND TECH CO.
LTD and EC PRO VIDEO SYSTEMS INC.,

             Defendants.

Civil Action No. 1:20-cv-09170-ER

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Southern District of New York on _____ [date] in the case of Amimon Inc. et al

v. Shenzhen Hollyland Tech Co. Ltd., et al., Civil Action No. 1:20-cv-09170-ER.

      Check as appropriate:

      [  ] I am seeking access to information or items designated "HIGHLY CONFIDENTIAL

- OUTSIDE COUNSEL'S EYES ONLY"

      [  ] I am seeking access to information or items designated "HIGHLY CONFIDENTIAL

SOURCE CODE - OUTSIDE COUNSEL'S EYES ONLY"

[SIGNATURE PAGE TO FOLLOW]

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of__ _____ [print or type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____