MEMO ENDORSED

See last page.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMIMON INC. and AMIMON LTD,<br><br>Plaintiffs,<br><br>v.<br><br>SHENZHEN HOLLYLAND TECH CO. LTD and EC PRO VIDEO SYSTEMS INC.,<br><br>Defendants. | Civil Action No. 1:20-cv-09170-ER<br><br>NOTICE OF MOTION TO DISMISS AND MOTION TO STRIKE |

**PLAINTIFFS', AMIMON INC. AND AMIMON LTD, NOTICE OF MOTION TO DISMISS DEFENDANTS' SIXTH AMENDED COUNTERCLAIMS (ECF 111) AND MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

PLEASE TAKE NOTICE that upon the Declaration of Karl Fisher and the documents attached thereto, and *Plaintiffs', Amimon Inc. and Amimon Ltd, Memorandum of Law in Support of Motion to Dismiss Defendants' Sixth Amended Counterclaims (ECF 111) and Motion to Strike Defendants' Affirmative Defenses* (the "Motion"), Plaintiffs, Amimon Inc. and Amimon Ltd ("Plaintiffs"), respectfully move this Court for an Order granting their Motion to Dismiss in Plaintiffs' favor and against Defendants, Shenzhen Hollyland Tech Co. Ltd and EC Pro Video Systems, Inc. ("Defendants") and striking Defendants Affirmative Defenses.

This Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule 12(f), the inherent powers of this Court, and such other provisions of law as may be deemed appropriate, and such other and further relief as may be deemed appropriate by this Court. Please take further notice that Plaintiffs request the ability to file and serve reply papers with respect to this Motion. Plaintiffs, through this Motion, seek relief, and state as follows:

1.      Defendants fail to state a claim for violations under the Sherman Act, 15 U.S.C §§ 1-4 because Defendants' pleading filed at ECF No. 111 ("Counterclaim") does not allege with

1

plausibility or particularity the required elements of such claim. Therefore, the First Cause of Action of the Complaint under the Sherman Act should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b). Defendants also fail to state a claim for violations under the Clayton Act, 15 U.S.C §§ 15, 16, 18, 22, and 26, because Defendants' Counterclaim does not allege with plausibility or particularity the required elements of such claim. Therefore, the First Cause of Action of the Counterclaim under the Clayton Act should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).

2. Defendants fail to state a claim for violations under the Donnelly Act, New York General Business Laws § 340 because Defendants' Counterclaim does not allege with plausibility or particularity the required elements of such claim. Therefore, the Second Cause of Action of the Counterclaim under the Donnelly Act should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).

3. Defendants fail to state a claim for violations under the New York Unfair Competition Laws because Defendants' Counterclaim does not allege with plausibility or particularity the required elements of such claim. Therefore, the Third Cause of Action of the Counterclaim under the New York Unfair Competition Act should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).

4. Defendants fail to state a claim for Fraud on the Copyright Office because Defendants' Counterclaim does not allege with plausibility or particularity the required elements of such claim. Therefore, the Fourth Cause of Action of the Counterclaim for Fraud on the Copyright Office should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).

5. Defendants fail to state a claim for Trade Libel because Defendants' Counterclaim does not allege with plausibility or particularity the required elements of such

claim. Therefore, the Fifth Cause of Action of the Complaint for Trade Libel should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 9(b), and Fed. R. Civ. P. 9(g).

6. Defendants fail to state a claim for Tortious Interference with Contract Relation under New York State Law because Defendants' Counterclaim does not allege with plausibility or particularity the required elements of such claim. Therefore, the Sixth Cause of Action of the Counterclaim for Tortious Interference with Contract Relation under New York State Law should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).

7. Defendants fail to state a claim for Defamation because Defendants' Counterclaim does not allege with plausibility or particularity the required elements of such claim. Therefore, the Seventh Cause of Action of the Counterclaim for Defamation should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).

8. Defendants fail to state a claim for violations under the New York Unfair Competition Laws because Defendants' Counterclaim does not allege with plausibility or particularity the required elements of such claim. Therefore, the Eighth Cause of Action of the Counterclaim under the New York Unfair Competition Act should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).

9. Defendants fail to state a claim for Disparagement under New York State Law because Defendants' Counterclaim does not allege with plausibility or particularity the required elements of such claim. Therefore, the Ninth Cause of Action of the Counterclaim for Disparagement under New York State Law should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 9(b), and Fed. R. Civ. P. 9(g).

10. Defendants fail to state a claim for Bad Faith and/or Frivolous Causes of Action because Defendants' Counterclaim is not an affirmative claim at all and does not allege with plausibility or particularity the elements of any legally cognizable claim or recite the required

elements for an intended but unidentified claim. Therefore, the Tenth Cause of Action of the Counterclaim for Bad Faith and/or Frivolous Causes of action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).

11.     Defendants fail to state a claim for Tortious Interference with Prospective Economic Advantage because Defendants' Counterclaim does not allege with plausibility or particularity the required elements of such claim. Therefore, the Eleventh Cause of Action of the Counterclaim for Tortious Interference with Prospective Economic Advantage should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).

12.     Defendants' statement as to its Second Affirmative Defense fails to overcome the fact that the defense is immaterial and impertinent pursuant to Fed. R. Civ. P. 12(f). Notably, this Court has already determined that Plaintiffs have sufficiently pleaded the elements of Copyright Infringement. *See* ECF No. 80. Therefore, the defense for Failure to Establish Elements of Copyright Infringement set for in Defendants' Counterclaim should be struck pursuant to Fed. R. Civ. P. 12(f).

13.     Defendants' fail to plead their Third Affirmative Defense with the plausibility or particularity pursuant to Fed. R. Civ. P. 9(b) as required for defenses which require allegations of fraud. Therefore, the defense of Fraud on the Copyright Office set for in Defendants' Counterclaim should be struck pursuant to Fed. R. Civ. P. 12(f).

14.     Defendants' fail to plead their Sixth Affirmative Defense with the plausibility or particularity pursuant to Fed. R. Civ. P. 9(b) as required for defenses which require allegations of fraud. Therefore, the defense of Unclean Hands set forth in Defendants' Counterclaim should be struck pursuant to Fed. R. Civ. P. 12(f).

15.     Defendants' statement as to its Eighth Affirmative Defense fails to overcome the fact that the defense is immaterial and impertinent pursuant to Fed. R. Civ. P. 12(f). Notably, this

Court has already determined that Plaintiffs have sufficiently pleaded the elements of Copyright Infringement. *See* ECF No. 80. Therefore, the defense for Failure to Establish DTSA Elements set for in Defendants' Counterclaim should be struck pursuant to Fed. R. Civ. P. 12(f).

16. Defendants' statement as to its Ninth Affirmative Defenses, related to Acquiescence only, fails to overcome the fact that the defense is immaterial and impertinent pursuant to Fed. R. Civ. P. 12(f). Notably, this Court has already determined that Plaintiffs have sufficiently pleaded the elements of DTSA. *See* ECF No. 80. Therefore, the defense for Failure to Establish DTSA Elements set for in Defendants' Counterclaim should be struck pursuant to Fed. R. Civ. P. 12(f).

17. Defendants' fail to plead their Ninth Affirmative Defenses, related to Estoppel only, with the plausibility or particularity pursuant to Fed. R. Civ. P. 9(b) as required for defenses which require allegations of fraud. Therefore, the defense of Estoppel set forth in Defendants' Counterclaim should be struck pursuant to Fed. R. Civ. P. 12(f).

18. Defendants' fail to plead their Twenty-Third Affirmative Defense with the plausibility or particularity pursuant to Fed. R. Civ. P. 9(b) as required for defenses which require allegations of fraud. Therefore, the defense of Malicious Litigation set forth in Defendants' Counterclaim should be struck pursuant to Fed. R. Civ. P. 12(f).

WHEREFORE, for the foregoing reasons and as set forth in Plaintiffs' accompanying papers, Plaintiffs respectfully request that the Court dismiss the Counterclaims with prejudice and strike the identified affirmative defenses without grant of leave to amend.

Plaintiffs respectfully requests that this Court schedule a hearing on this Motion, as oral argument is likely to assist the Court in its resolution of the matters raised herein.

Dated: March 28, 2022

> The motion to dismiss is DENIED without prejudice due to a failure to follow this Court's Individual Rule of Practice 2(A)(ii) and 2(B)(i). If defendants wish to refile their motion, they are advised to refer to the Court's Individual Rules of Practice and the Local Rules of this District, with which they must comply.  The Clerk of Court is respectfully requested to terminate the motions, Docs. 115 and 117.  SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: __March 30, 2022__
> New York, New York

Respectfully submitted,

/s/ Karl T. Fisher
David M. Magee (*pro hac vice*)
Karl T. Fisher (*pro hac vice*)
**ARMSTRONG TEASDALE LLP**
Prudential Tower
800 Boylston St, 30th Floor
Boston, MA 02199
Telephone:617.824.5134
Facsimile:617.830.8490
kfisher@atllp.com
dmagee@atllp.com

Charles Palella
919 Third Ave., 37th Floor
New York, NY 10022
Tel: 212.209.4400
cpalella@atllp.com

*ATTORNEYS FOR PLAINTIFFS*
*AMIMON INC AND AMIMON LTD*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record have consented to electronic service and are accordingly being served via e-mail on this 28th day of March, 2022, with a copy of this document.

/s/ Karl T. Fisher
Karl T. Fisher