

**David Magee**
Direct **T** 617.824.5131
dmagee@atllp.com

March 15, 2023

Hon. Edgardo Ramos - **VIA ECF**
U.S. District Court -Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   Amimon, Inc. et al v. Shenzhen Hollyland Tech Co., Ltd et al. - No. 1:20-CV-09170
Plaintiffs' Letter Motion for Conference Regarding Motion to Quash Defendants' Rule 45 Subpoenas to Related to the WHDI technology standard

Dear Judge Ramos,

We represent Plaintiffs, Amimon, Inc., and Amimon, Ltd., (collectively, "Amimon" or "Plaintiffs') in the above-captioned action and write this Letter to request a Motion Conference seeking to file a Motion to Quash Defendants', Shenzhen Hollyland Tech Co., Ltd., ("Hollyland"), and EC Pro Video Systems, Inc. ("EC Pro") (collectively, the "Defendants"), Rule 45 Subpoenas related to the WHDI technology standard.[1] (the "Subpoenas")

### Background

WHDI stands for Wireless Home Digital Interface, a technology standard that enables wireless delivery of uncompressed HDTV throughout the home with video rates of up to 1080p in the 5Ghz unlicensed band. The WHDI technology standard is widely adopted by leading global technology companies.

In the context of this litigation, the Amimon Chipsets, specifically the AMN2120 and AMN2220, and more specifically, a limited version of software (derived from Amimon's confidential and proprietary MAC Source Code) designed specifically to operate with the AMN2120 and AMN2220 chipsets, represent a singular manifestation of WHDI technology within the much broader WHDI technology standard.

### Defendants' Subpoenas are Overbroad and a Represents a Textbook Fishing Expedition; the Requests are Wholly Unrelated to the Claims and Defenses at Issue in this Litigation

Defendants' Subpoenas contain are directed to leading global technology companies who have adopted the WHDI standard.

---

[1] Defendants' Subpoenas, which are the subject of this Letter Motion, include, for all intents and purposes, identical Requests and are directed to Motorola, Inc., Hitachi Ltd., TiVo Corporation, LG Corporation, Sony Corp., Sharp Electronics Corporation, Samsung Electronics America, ioGear [Subpoena only provides trade name, not legal name], VisionScope Technologies LLC, and David Shefler.

ARMSTRONG TEASDALE LLP    |                                                    ArmstrongTeasdale.com

As a preliminary matter, each of the Subpoenas contain fatal deficiencies, failing to meet the bare threshold requirements set forth in Rule 45(a)(1)(A)(i) and (ii). Specifically, none of the Subpoenas state the court from which the Subpoena is issued (Southern District of New York), and further, each Subpoena incorrectly states the civil-action number (1:2-cv-09170 ER, as opposed to the correct civil action number, 1:20-cv-09170 ER), as shown in a screenshot of an exemplar Subpoena below:



Further problematic is that in at least one instance, Defendants have identified the foreign holding company, but identify a domestic address affiliated with the foreign holding company's subsidiaries. As an example, in the above screen shot, Defendants direct the Subpoena to Hitachi Ltd., a Japanese entity, but nevertheless provide an address in California which is affiliated with a legally distinct subsidiary entity, Hitachi America, Ltd. Quite simply, service of process rules cannot be avoided by serving a domestic subsidiary of a foreign corporation. See *Hake v. Citibank, N.A.*, No. 19MC00125JGKKHP, 2020 WL 1467132, at *8 (S.D.N.Y. Mar. 26, 2020) citing *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110-HRL (JSC), 2015 WL 5782351, *7 (N.D. Cal. Oct. 5, 2015) (holding that service of Rule 45 subpoena on U.S. subsidiary of Japanese company violated evidentiary treaty between United States and Japan; subpoenas must be served pursuant to international agreements, otherwise such agreements "would be entirely toothless for a large number of global companies with U.S. subsidiaries").

As related to the Requests themselves, pursuant to and in accordance with pursuant to Rule 45(d)(1) and (d)(3)(A)(iv), Defendants' Subpoenas should be quashed, or at least modified, as several Requests (specifically as to Request Nos. 1, 2, and 4) are overbroad and seek documents which lack any relevancy to the claims and defenses in this litigation and are thus unduly burdensome.

Requests Nos. 1, 2, and 4 seek, respectively, as follows:

- "all documentation relating to the WHDI,"
- "all documentation relating the WHDI consortium, specifically contracts, licenses, and/or assignments," and;
- "all documentation […] relating to Amimon Inc. or Amimon Ltd."

*See* Exhibit 1 – Schedule A from exemplar Subpoena.

These Requests represent a fishing expedition to major global technology companies, seeking to require the recipients of the Subpoenas to produce all documents relating to the WHDI technology standard and Amimon, generally. The Requests are so overbroad, vague, and lacking in specificity with any reasonable particularity as to the documents sought that they are certainly improper, unduly burdensome, and would require disclosure of documents well outside the bounds of relevancy and proportionality as defined by Rule 26.

The parties met to confer on Defendants' overbroad Subpoenas on March 6, 2023, however, Defendants' counsel discounted Plaintiffs' concerns and merely stated Defendants' position that the parties had met their meet and confer obligations and directed Plaintiffs to proceed with a Letter Motion to the Court on this issue.

## Conclusion

Accordingly, Plaintiffs respectfully request, pursuant to Rule 45(a)(1)(A)(i) and (ii) and Rule 45(d)(1) and (d)(3)(A)(iv), that the Court quash the Subpoenas, or otherwise, modify the Subpoenas to strike the offending overbroad, improper, and unduly burdensome Requests (specifically Nos. 1, 2, and 4). In consideration of the Court's schedule, should the issues raised herein necessitate a Court conference, Plaintiffs respectfully request the Court enter a limited Protective Order temporarily quashing the Subpoenas and requiring Defendants to advise any person or entity already served with a Subpoena that the Court has entered such Order.

Respectfully submitted,

*/s/ David Magee*
David Magee