# ALLAN CHAN & ASSOCIATES

30 WALL STREET, 8TH FLOOR
NEW YORK, NEW YORK 10005

April 27, 2023
Hon. Edgardo Ramos - VIA ECF
U.S. District Court -Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: Amimon, Inc. et al v. Shenzhen Hollyland Tech Co., Ltd et al. - No. 1:20-CV-09170
    Defendants' Letter motion for the Court to remove the hold on Defendants' subpoenas.

Honorable Edgardo Ramos:

      The Court held a conference with all parties present on March 28, 2023. No court reporter was present for the meeting. Defendants asserted their right to quash Third Party Subpoenas, notwithstanding their lack of standing to do so. At the behest of David Magee, the Court instructed the Defendants to place a temporary hold on the Defendants subpoenas. (Exhibit 1 and Exhibit 2) There was already another conference scheduled for April 12, 2023. The parties were instructed to resurrect any issues at that time. Specifically, the Defendants once again raised the issue of quashing Defendants third party subpoenas and were granted permission to file a motion to quash on April 26, 2023. The hold on Defendants' subpoenas was and continues to be on going. Defendants surmise that the Court's instructions to place the hold was based on providing the Plaintiffs an opportunity to fully brief the issues and file a motion.

      April 26, 2023 was the filing deadline for Plaintiffs' motion to quash, no motion was filed. Therefore, Plaintiffs' issues regarding the third-party subpoenas were never raised. However, the Court's instruction to hold the subpoenas remains in effect. This Letter Motion requests that any hold on the subpoenas be lifted, especially in light of the Plaintiffs' failure to file a motion to quash.

      While there can be many reasons why the Plaintiffs failed to file the requested motion to quash, one fact remains clear. The Plaintiffs caused the Defendants discovery efforts to stall, and additional litigation costs were incurred. Defendants were required to expend time during two Court conferences discussing the issue of Plaintiffs lack of standing to quash third-party subpoenas. Defendants will now presumptively, have to re-serve/ contact anyone informed of the hold on the subpoenas. Additionally, Defendants have expended time and resources in the drafting of this latter motion. This appears to be a bad faith attempt to frustrate Defendants' discovery efforts.

      Defendants' humbly request the Court to remove the hold on Defendants' subpoenas and additionally grant Defendants' attorneys fees. "Court finds that monetary sanctions are warranted because the City's conduct has unduly impeded the progression of discovery and prevented the

1

timely and effective prosecution of this action…The Court has broad discretion to impose sanctions for discovery misconduct. Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976). FRCP 37(c)(1) permits the Court to impose sanctions, including reasonable expenses and attorney's fees". (Fleming v City of NY, 2006 US Dist LEXIS 55733 [SDNY Aug. 8, 2006])

Dated: New York, New York
April 27, 2023

/s/Allan Chan
Allan Chan
Allan Chan & Associates
30 Wall Street, 8th Floor
N.Y. N.Y. 10005
John Johnson, of Counsel
Attorneys for Defendant Hollyland
Attorneys for Defendant EC Pro