UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMIMON, INC. *and* AMIMON LTD., <br><br> Plaintiffs, <br><br> -against- <br><br> SHENZHEN HOLLYLAND TECH CO. LTD *and* EC PRO VIDEO SYSTEMS INC., <br><br> Defendants. | **ORDER** <br> 20-cv-9170 (ER) |

Ramos, D.J.:

Defendants have filed a letter requesting that the Court postpone the Rule 30(b)(6) depositions of Amimon's corporate designees, which are scheduled for March 25 and March 26, 2024. Doc. 297. Defendants state that Amimon raised boilerplate objections to several of the topics identified in Defendants' Rule 30(b)(6) notice and refused to provide more detailed objections. *Id.* Defendants ask the Court to postpone the depositions and to compensate Defendants "for any expenses incurred for the obstructed Depositions." *Id.*

Amimon responds that Defendants have long been on notice of Amimon's objections but have made no effort to narrow the deposition topics. Doc. 302. Amimon further asserts that it provided suggestions as to how the topics could be narrowed and that Defendants have failed to do so. *Id.*

Both parties share the blame for failing to raise this issue until the eve of the depositions. "The weight of the authority," however, "holds that a party believing it has received a flawed 30(b)(6) notice may not merely rest upon its objections, but must move for a protective order." *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09 Civ. 3701 (JPO) (JCF), 2013 WL 6439069, at *2 (S.D.N.Y. Dec. 9, 2013). Amimon did not do so here.

Accordingly, if Amimon wishes to proceed with the depositions as scheduled, the depositions will encompass the full scope of the topics outlined in the notice. Alternatively, Amimon may postpone the depositions and may move for a protective order if the parties are unable to narrow the scope of the notice. Defendants' request for compensation is DENIED because Defendants fail to explain what expenses they have incurred.

The parties are also reminded—not for the first time—that "[c]ooperation, courtesy, and 'proportional use of procedure' are not merely aspirational goals for lawyers; they are crucial to the efficient functioning of our civil justice system." *Meikle v. Transaction Network Servs., Inc.*, No. 20 Civ. 953 (JGK) (BCM), 2021 WL 3617336, at *2 (S.D.N.Y. July 22, 2021). The courts "would grind to a halt if it became necessary to intervene constantly in discovery disputes." *Id.* (citation omitted). As a result, "lawyers should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests." *Id.* (internal quotation marks and citation omitted).

The Clerk of Court is respectfully directed to terminate the motion, Doc. 297.

It is SO ORDERED.

Dated:   March 22, 2024
            New York, New York

                                                                Edgardo Ramos, U.S.D.J.