# MEMO ENDORSED

**Allan Chan & Associates**

April 16, 2024

Hon. Edgardo Ramos - VIA ECF
U.S. District Court - Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Amimon is directed to respond by April 19, 2024. SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: April 17, 2024
> New York, New York

Re:  Amimon, Inc. et al v. Shenzhen Hollyland Tech Co., Ltd et al. - No. 1:20-CV-09170 Re: Letter Motion for Leave to File Motion for Sur-Reply

Dear Judge Ramos,

    We write on behalf of Shenzhen Hollyland Tech Co., and E.C. Pro Video Systems, Inc., (collectively, "Defendants") in the above-captioned action regarding the 30b6 Deposition of Plaintiffs' corporate designees deposed on April 25, 2024 and April 26, 2024. Plaintiffs' counsel without prior notice to Defendants invited non-parties to attend the depositions. These non-parties were not being deposed. The non-parties present during the depositions were Fred Fellmeth, in-house counsel to Videndum, PLC. and Carel VanHeerden, in-house counsel to Teradek, LLC. All confidentiality of the topics discussed in the Depositions are waived based on Plaintiffs actions. Additionally, the common interest doctrine is not applicable in this matter. Lastly, Defendants were never provided signed Protective Orders as required by the So-Ordered Protective Order in this matter. Neither Fred Fellmeth or Carel VanHeerden are signatories to the protective order.

    Defendants are forced to file this letter motion in response to Plaintiffs' invocation of clause 5.2 of the Protective Order. The Court should prohibit Plaintiffs from invoking clause 5.2 of the Protective Order. All of Plaintiffs' depositions should be declared not confidential because of intrusion of two non-party witnesses.

> "5.2 (b) deposition testimony and the transcripts and video recordings thereof of depositions conducted during pretrial discovery in this litigation shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY."
>
> 5.2 (c) for a period of 21 days, or for as many days as the Parties shall agree, after receipt of the final versions of such deposition transcript and/or video recordings to allow time for the deponent or counsel for that deponent, or any Party or Non-Party or its counsel, to notify all Parties of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY" information contained therein. Such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE—OUTSIDE COUNSEL'S EYES ONLY" information shall be designated by page and line number, and video cassettes (or other storage media) shall be labeled in

1

accordance with the provisions of this Order. (ECF 113, So Ordered Protective Order)"

The Second Circuit adopts the widely accepted principle, "the presence of third parties destroys the confidential nature of the communications". *Ceslik v Miller Ford, Inc., 2007 US Dist LEXIS 106074*. "Communications with an attorney in the presence of a third party, not an agent or employee of counsel, vitiates the confidentiality." *City of Almaty v Ablyazov, 2019 US Dist LEXIS 111607, at \*17-18 SDNY July 3, 2019*

Videndum, PLC. and Teradek, LLC. do not have a common legal interest.  These non-parties are not parties of the litigation nor anticipated to be parties of the litigation.  Based on the fact that they are not Plaintiffs in the litigation, there is no common legal strategy.  The current litigation is solely based upon a Copyright filed by Amimon and the trade secrets of Amimon.  A similar business interest is insufficient to preserve confidentiality.  Defendants have not been provided with any NDAs or other agreements between Plaintiffs between Videndum, PLC. and Teradek, LLC.  Further Defendants were not presented with any writing whatsoever, pursuant to paragraph 7.2 and/or 7.3 in the Protective Order.

On the April 12, 2024, meet and confer, Plaintiffs admit that no notice was given to Defendants prior to the day of deposition.  Plaintiffs initially stated that Fred Fellmeth was the inhouse counsel for Amimon, and then reversing to admit that Fred was not an employee of Amimon.  Finally, Plaintiffs admit that Fred Fellmeth and Carel VanHeerden were third parties. Plaintiff argue that the third-parties only heard Plaintiffs' confidential materials.  This inherently supports Defendant's letter motion that theses two depositions deemed not confidential. The provisions of 5.2(b) and 5.2(c) are inapplicable to these depositions.  Alternatively, Plaintiffs argue that the Defendants had the discretion and authority to eject third parties from the room to preserve confidentiality.  Fred Fellmeth and Carel VanHeerden are not employees nor agents thus jeopardize confidentiality.  Plaintiffs allegations that the two depositions contain confidential material are eviscerated.

Lastly, Videndum, PLC., Teradek, LLC., Fred Fellmeth and Carel VanHeerden are not signatories to the Protective Order therefore not qualified to receive confidential materials in this matter.  It has been 19 days since the deposition dates, Plaintiffs have yet to provide Defendants with a signed Protective Order.

The Court should deem the depositions of Plaintiffs' corporate designees, dated April 25, 2024 and April 26, 2024, free of confidentiality as Plaintiffs have waived any rights to the protected material.  5.2(b) and 5.2(c) of the Protective Order requiring a 21 day stay for determining confidentiality on behalf of the Plaintiff should be deemed waived.

Dated: New York, New York

April 16, 2024

Respectfully submitted

/s/Allan Chan
Allan Chan
Allan Chan & Associates
30 Wall Street, 8th Floor
N.Y. N.Y. 10005
John Johnson, of Counsel

Attorneys for Defendant Hollyland
Attorneys for Defendant EC Pro