UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMIMON, INC. *and* AMIMON LTD., <br><br> Plaintiffs, <br><br> -against- <br><br> SHENZHEN HOLLYLAND TECH CO. LTD *and* EC PRO VIDEO SYSTEMS INC., <br><br> Defendants. | **ORDER** <br> 20-cv-9170 (ER) |

Ramos, D.J.:

    Defendants have filed a letter concerning the recent depositions of Amimon's corporate designees.  Doc. 311.  Defendants assert that in-house counsel for Videndum, PLC, and Teradek, LLC, attended the depositions at Amimon's invitation.  *Id.* at 1.  According to Defendants, this means that Amimon waived confidentiality for any topics discussed in the depositions.  *Id.*  Defendants ask the Court to rule that the depositions are not subject to any confidentiality restrictions.  *Id.* at 2.

    As Amimon points out, however, Videndum is the owner of Amimon, while Teradek is another Videndum subsidiary.  Doc. 313 at 1 n.1.  And the protective order in this case provides that "[n]othing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose."  Doc. 113 at 3.  Defendants do not dispute that in-house counsel attending the depositions would have heard only *Amimon's* confidential information.  Defendants do not argue that they were prejudiced by in-house counsel's presence at the depositions, and they did not raise any objection at the time.

    Accordingly, Defendants' request is DENIED.  Amimon's request for fees is also DENIED.  While Amimon includes a passing citation to Federal Rule of Civil Procedure 11(b),

it does not meaningfully elaborate on why sanctions are warranted. The Clerk of Court is respectfully directed to terminate the motion, Doc. 311.

It is SO ORDERED.

Dated: April 23, 2024
New York, New York

_____
Edgardo Ramos, U.S.D.J.