

**Karl T. Fisher**
Tel. 617-310-6000
Fax 617-897-0909
karl.fisher@gtlaw.com

July 2, 2024

Hon. Edgardo Ramos - **VIA ECF**
U.S. District Court - Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

Re:   *Amimon, Inc. et al v. Shenzhen Hollyland Tech Co., Ltd et al.* - No. 1:20-CV-09170
        Re: Plaintiffs' Memorandum in support of Motion for Sanctions for Hollyland's Failure to Present Witness for Deposition (ECF 338)

Dear Judge Ramos,

We write on behalf of Amimon, Inc., and Amimon, Ltd., (collectively, "Amimon") in the above-captioned action to request the Court's ratification of Amimon's Memorandum in support of Motion for Sanctions for Hollyland's Failure to Present Witness for Deposition ("Memorandum") (ECF 338). In accordance with the Court's instruction during the June 5, 2024 pre-motion conference, the Memorandum was due to be filed on June 26, 2024. As a result of technical difficulties occurring on June 26, 2024, the Memorandum was not filed until just after 5:00 a.m. on June 27, 2024.

More specifically, on the afternoon of June 26, 2024, Amimon's counsel experienced irregularities related to the functioning of a local network which had the effect of disrupting the automated save protocols on the computer being used to prepare the Memorandum. The automated save protocols typically function to periodically create an 'autosave' capturing progress on a file between formal save commands. These network irregularities occurred without our detection, such that we were unaware that the normal 'autosave' operation was not occurring. *See* Declaration of Karl Fisher (filed contemporaneously herewith).

Later in the evening on June 26, 2024, Boston (where counsel working on the Memorandum is located) experienced a storm. The storm caused power loss to the local network and a restart of the computer being used draft the Memorandum. Following the reboot of these systems, we discovered that progress from the last approximately six hours of work on the Memorandum was lost and ultimately unrecoverable. *Id.*

We filed our Notice of Motion on June 26, 2024 (D.I. 337) and worked diligently to recreate the work on the Memorandum in the hours following the storm event. The Memorandum, along with its accompanying exhibits were filed early on the morning of June 27, 2024.

In accordance with the briefing schedule for this Motion, Holyland's answering brief is currently due July 17. During a meet and confer on July 2, 2024 with Hollyland's counsel on these issues, Amimon agreed to stipulate to an extension of time for Hollyland to answer the Motion, however, Hollyland declined the offer and is maintaining that the Memorandum should be struck.

Amimon requests, for good cause shown for the limited delay (attributable to technical difficulties) and in consideration of Amimon's diligence in remedying the filing deficiency just hours after the ordered deadline, that the Court ratify the Memorandum and considered it timely filed and find that Hollyland suffers no prejudice or undue burden arising from the facts set forth above.

Respectfully submitted,

*/s/ Karl Fisher*
Karl Fisher

> Amimon's request is granted. The Court will consider the brief (Doc. 338) timely filed. The Clerk of Court is respectfully directed to terminate the motion, Doc. 339. SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: July 3, 2024
> New York, New York