UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMIMON, INC. *and* AMIMON LTD.,

                    Plaintiffs,

-against-

SHENZHEN HOLLYLAND TECH CO. LTD *and* EC PRO VIDEO SYSTEMS INC.,

                    Defendants.

**ORDER**

20-cv-9170 (ER)

Ramos, D.J.:

On July 25, 2024, the Court issued an opinion granting in part and denying in part Amimon's motion for evidentiary sanctions and attorney fees under Federal Rule of Civil Procedure 37. Doc. 350. The Court denied the request for evidentiary sanctions but concluded that Amimon was entitled to reasonable attorney fees and costs in connection with its efforts to obtain Vaxis and MOMA documents from Defendants. *Id.* at 14. The Court held that Amimon was entitled to fees and costs incurred between July 12, 2023, and December 18, 2023, for the Vaxis documents, as well as fees and costs incurred between September 6, 2023, and December 18, 2023, for the MOMA documents. *Id.* at 15.

Amimon submitted its fee application on August 8, 2024, requesting fees and costs for its efforts to obtain the Vaxis and MOMA documents, as well as its fees and costs incurred bringing the motion, for a total of $125,624.20. Doc. 351 at 1. Defendants filed an objection to the fee request on August 15. Doc. 356. They argue that the requested fees should be reduced because (1) Amimon requests fees for work performed in 2024, which is outside the date ranges specified by the Court; (2) certain time entries are not sufficiently related to Amimon's efforts to obtain the Vaxis and MOMA documents; (3) certain time entries are improperly commingled and should be

excluded; and (4) certain time entries relate to tasks that would have been performed regardless of Defendants' conduct. *Id.* at 2–3.[1]

The Court finds that the 2024 time entries are proper because they pertain to Amimon's fee application. *See* Doc. 355-3. Courts have awarded fees for reasonable hours incurred in connection with fee applications. *See, e.g.*, *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, No. 18 Civ. 4437 (JGK) (BCM), 2021 WL 1549916, at *8 (S.D.N.Y. Apr. 20, 2021) ("Since [the plaintiff] was directed to submit a fee application in order to document those expenses, it would defeat the purpose of the award to require it to do so at its own expense."). Amimon billed 20.1 hours on the fee application at slightly discounted rates, for a requested total of $12,367.80. Doc. 355 ¶ 27 & n.3. After reviewing Amimon's billing records, the Court concludes that this amount is reasonable.

At the same time, the Court finds that reductions in Amimon's request are warranted. Other courts have reduced requested fees where the hours billed were excessive. *See, e.g.*, *KGK Jewelry LLC v. ESDNetwork*, No. 11 Civ. 9236 (LTS) (RLE), 2015 WL 2129703, at *3 (S.D.N.Y. May 6, 2015) (applying 40% reduction where time billed in opposition to discovery misconduct was excessive). In this case, a partial reduction is warranted because some of Amimon's time entries appear not to be limited to time spent obtaining the Vaxis and MOMA documents. *See, e.g.*, *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16 Civ. 1318 (GBD) (BCM), 2019 WL 11825219, at *5–7 (S.D.N.Y. June 13, 2019) (applying 40% reduction where counsel's records included "a number of block-billed entries that reflect time spent on multiple

---

[1] Defendants do not object to counsel for Amimon's requested billing rates, and the Court finds that those rates—which, for work performed in 2023, reflect the rates actually paid by Amimon—are reasonable. Doc. 355 ¶¶ 7–9; *see, e.g.*, *Pichardo v. C.R. Bard, Inc.*, No. 09 Civ. 7653 (SHS), 2015 WL 13784565, at *6 (S.D.N.Y. Jan. 26, 2015) ("[T]he fact that defendants were actually charged the rates set forth in their attorneys' contemporaneous timesheets submitted with this fee application provides additional evidence that the rates are reasonable.").

activities, not all of them compensable as sanctions"). For example, Amimon includes time related to conferences that involved other issues in addition to production of the Vaxis and MOMA documents. Doc. 355-1. Other entries involve tasks, such as reviewing Defendants' productions, that would have been performed regardless of the sanctioned conduct. *Id.*; *see, e.g.*, *Karsch v. Blink Health Ltd.*, No. 17 Civ. 3880 (VM) (BCM), 2019 WL 6998563, at *5 (S.D.N.Y. Dec. 20, 2019) (applying 25% reduction where "defendants would have completed some of the work," including reviewing discovery productions, "regardless of plaintiff's discovery violations").

Furthermore, the Court finds that a reduction is warranted for the time Amimon spent on the motion because the motion was only partially successful. While the Court awarded certain fees and costs, it denied Amimon's request for evidentiary sanctions. Doc. 350 at 18; *see, e.g.*, *Metrokane, Inc. v. Built NY, Inc.*, No. 06 Civ. 14447 (LAK) (MHD), 2009 WL 637111, at *1 (S.D.N.Y. Mar. 6, 2009) (noting that "reductions are appropriate not only for work on unsuccessful claims and arguments, but also for inefficient or duplicative work").

The Court will therefore apply a 40% reduction to Amimon's requested fees and costs for obtaining the documents and filing the motion. *See generally, e.g.*, *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 640 (S.D.N.Y. 2018) ("[A] court may 'use a percentage deduction as a practical means of trimming fat from a fee application.'" (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006))).

Amimon is entitled to a total of $80,321.64 in fees and costs, consisting of: (i) $53,410.61 for obtaining the Vaxis and MOMA documents; (ii) $14,543.23 for the motion for

sanctions; and (iii) $12,367.80 for the fee application. Defendants shall pay that amount to Amimon by September 9, 2024.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 351.

It is SO ORDERED.

Dated: August 19, 2024
        New York, New York

_____
Edgardo Ramos, U.S.D.J.