UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERADEK LLC,

               Plaintiff,

   – against –

SHENZHEN HOLLYLAND TECH CO. LTD,
*and* EC PRO VIDEO SYSTEMS,

               Defendants.

**OPINION & ORDER**

20 Civ. 9170 (ER)

Ramos, D.J.:

    Teradek LLC ("Teradek")[1] filed a complaint in November 2020 alleging that Shenzen Hollyland Tech Co. Ltd. and EC Pro Video Systems (collectively, "Defendants") engaged in trade secret appropriation under federal and state law, copyright infringement, and unfair competition. Doc. 1. In short, Teradek contends that Defendants engaged in various efforts to infringe on Teradek's video transmission technologies and to use them as their own. *See* Doc. 37 ¶¶ 11, 20–26. Before the Court is Teradek's motion for attorney fees. Doc. 388. For the reasons stated below, the Court denies in part and grants in part Teradek's fee application.

**I.    BACKGROUND**

    Teradek brought this suit against Defendants on November 2, 2020. Doc. 1. Teradek alleged trade secret misappropriation under federal and state law, copyright infringement, and unfair competition against both defendants. *Id.*; Doc. 37 ¶¶ 41–87.

---

[1] The complaint was initially brought by Amimon Inc. and Amimon Ltd. (referred to collectively, in prior opinions, as "Amimon"). Doc. 1. On May 12, 2025, Amimon submitted an unopposed motion to substitute Teradek LLC as Plaintiff in this case. The Court uniformly refers to Plaintiff as Teradek in this Opinion and Order.

This case has been marked by a series of discovery disputes, one of which the Court resolved on January 10, 2025 (the "January 2025 Opinion").[2] *Amimon Inc. v. Shenzhen Hollyland Tech Co.*, No. 20 Civ. 9170 (ER), 2025 WL 66633 (S.D.N.Y. Jan. 10, 2025) (Doc. 363). On January 24, 2025, Defendants filed two motions for reconsideration of the January 2025 Opinion. Docs. 364, 366. In its opposition, Teradek requested that the Court award it fees due to Defendants' "facially frivolous" motions for reconsideration. Doc. 373 at 12. On May 22, 2025, the Court denied Defendants' motions for reconsideration and held that Teradek was entitled to "fees incurred in responding to the motions for reconsideration." *Teradek LLC v. Shenzhen Hollyland Tech Co. Ltd,* No. 20 Civ. 9170 (ER), 2025 WL 1475604, at *11 (S.D.N.Y. May 22, 2025) (Doc. 387).

In accordance with that opinion, Teradek submitted a fee application on May 29, 2025, requesting: (1) $68,460 in attorney fees for responding to Defendants' two motions for reconsideration; and (2) $13,508 in attorney fees for preparing the fee application, for a total of $81,968. *See* Doc. 388 at 4. Defendants filed an objection to the fee application on June 17, 2025, arguing that the fees should be reduced because Teradek: (1) wrongfully includes work performed to prepare the fee application itself; (2) wrongfully includes work unnecessary and unrelated to the May 2025 Order (3) wrongfully includes work performed after Teradek filed its objection to Defendants' motions for reconsideration; (4) wrongfully includes fee entries which are partially redacted; (5) requests unreasonable rates for attorneys Karl Fisher and David Magee; and (6) includes an unreasonably high number of hours. *See* Doc. 400. Defendants request that Teradek's fees be reduced to a total of $22,536. *Id*. at 12.

---

[2] In the January 2025 Opinion, the Court granted in part and denied in part each of: Defendants' motion to compel discovery; Teradek's motion for spoliation sanctions; and Teradek's motion for sanctions arising from non-appearance at a disposition. *See Amimon*, 2025 WL 66633, at *24–25.

## II. LEGAL STANDARD

"Ordinarily, the starting point for calculating a fee award is the lodestar method, which multiplies the number of hours the prevailing party's attorney expended on the case by the reasonable hourly rate charged for similar work by attorneys of like skill in the jurisdiction." *Marchuk v. Faruqi & Faruqi LLP*, 104 F. Supp. 3d 363, 366 (S.D.N.Y. 2015); *see also Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar . . . creates a 'presumptively reasonable fee.'"). The lodestar is calculated based on "market rates 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Reiter v. MTA New York City Transit Authority*, 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

The moving party bears the burden "to submit sufficient evidence to support the hours worked and the rates claimed." *Fair Housing Justice Center v. Pelican Management, Inc.,* No. 18 Civ. 1564 (ER), 2025 WL 965129, at *3 (S.D.N.Y. Mar. 31, 2025). The prevailing party must support their requested fees "with contemporaneous time records establishing for each attorney for whom fees are sought, the date on which work was performed, the hours expended, and the nature of the work done." *See Martinenko v. 212 Steakhouse, Inc.*, No. 22 Civ. 518 (JLR), 2024 WL 5199792, at *2 (S.D.N.Y. Dec. 23, 2024) (citation omitted). Only time entries that "are not excessive or duplicative, and that do not reflect work done only in connection with unrelated claims" will be used to calculate the award. *LeBlanc–Sternberg v. Fletcher,* 143 F.3d 748, 764 (2d Cir.1998).

In determining the amount of reasonable fees to award, district courts have "considerable discretion." *Hines v. 1025 Fifth Avenue Inc.*, No. 14 Civ. 3661 (SAS), 2015 WL 4006126, at *3

(S.D.N.Y. June 30, 2015); *LeBlanc-Sternberg*, 143 F.3d at 758 ("The district court retains discretion to determine, under all the circumstances, what constitutes a 'reasonable' fee."); *Shannon v. Fireman's Fund Insurance Co.*, 156 F. Supp. 2d 279, 298 (S.D.N.Y. 2001) ("Both the evaluation of reasonable attorneys' fees and the 'cutting of fees claimed [to be] proper' lie within the sound discretion of the court.") (alteration in original). The Supreme Court has provided that, in exercising discretion, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011); *see also Antolini v. McCloskey*, No. 19 Civ. 9038 (GBD) (SDA), 2022 WL 2763370, at *2 (S.D.N.Y. June 22, 2022) ("'[T]he district court is not obligated to undertake a line-by-line review of [the prevailing party's] extensive fee application.' Rather, it may 'use a percentage deduction as a practical means of trimming fat.'" (citation omitted)).

### III. DISCUSSION

In the instant case, Teradek's fee application uses the lodestar method, "multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate." Doc. 388 at 6–7. Defendants do not dispute that Teradek is the prevailing party in this case, nor do they dispute the use of the lodestar method. However, Defendants raise various other objections to Teradek's claim for fees. The court addresses each objection in turn.

#### A. Work to Prepare the Fee Application

Defendants argue that the fees associated with preparing the fee application itself should be excluded because: (1) such fees are beyond the May 2025 Order granting fees incurred in responding to Defendants' motions and (2) Teradek only provided a cumulative total of hours for

the work to prepare the fee application, rather than contemporaneous time records.  Doc. 400 at 5–6.

First, the Court finds that fees associated with preparing the fee application are within the bounds of the May 2025 Order.  Even when not expressly granted by a court order, courts have routinely awarded fees for reasonable hours spent to prepare fee applications.  *See, e.g.*, *Charlestown Capital Advisors, LLC v. Acero Junction, Inc.*, No. 18 Civ. 4437 (JGK) (BCM), 2021 WL 1549916, at *8 (S.D.N.Y. Apr. 20, 2021) ("Since [the plaintiff] was directed to submit a fee application in order to document those expenses, it would defeat the purpose of the award to require it to do so at its own expense.").  This Court has done so at an earlier stage in this very litigation.  *See Amimon, Inc. v. Shenzhen Hollyland Tech Co.*, No. 20 Civ. 9170 (ER), 2024 WL 3862147, at *1 (S.D.N.Y. Aug. 19, 2024) (Doc. 358).

Defendants cite *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053 (2d Cir. 1989) to emphasize the importance of adhering to a court's specific language when evaluating a fee application.  *See* Doc. 400 at 5.  However, *Chambless* involved a conflict between a district court's order explicitly barring retroactive relief and its subsequent award of fees which the Second Circuit deemed effectively retroactive.  *Chambless*, 885 F.2d at 1056–57.  There is no such conflict here.  Therefore, the Court finds that Teradek may request fees associated with preparing the fee application without exceeding the May 2025 Order.

However, the Court declines to award Teradek fees associated with preparing the application at this time, because it has yet to provide contemporaneous time entries for that work.

The party seeking reimbursement of attorney fees, "bears the burden of establishing entitlement to an award . . . ."  *Safeco Insurance Company of America v. M.E.S., Inc.*, 790 F. App'x 289, 291–92 (2d Cir. 2019) (internal quotations omitted).  To do so, the party "must

5

document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *Id.*  Even when a party provides the cumulative hours spent to complete a task, courts have been reticent to award attorney fees without more detailed time records.  *See, e.g.*, *LBBW Luxemburg S.A. v. Wells Fargo Securities LLC*, No. 12 Civ. 7311 (JPO) (KNF), 2016 WL 5812105, at *7 (S.D.N.Y. Sept. 22, 2016) ("Absent contemporaneous time records associated with the fee application and any evidence providing a basis for ascertaining the reasonableness of the hours requested in connection with the fee application, the plaintiff did not meet its burden of establishing that awarding fees . . . is warranted"); *Charlestown Capital Advisors, LLC*, 2021 WL 1549916, at *6 (stating that "[t]he lack of contemporaneous time records . . . would justify the Court in awarding nothing," but ultimately deciding to instead apply a 50% discount to the hours reported, due to the Court's familiarity with the work at issue).

While Teradek notes that attorneys Magee and Fisher spent 4.1 hours and 13.2 hours preparing the fee application, respectively, Doc. 388 at 4, and describes the work performed in preparing the fee application[3], *id.* at 5–6, Teradek fails to provide contemporaneous time records of that work.  *C.f.* Doc. 389-1.  Teradek initially explained this absence, stating the relevant invoice containing the fee application work had not yet been created, but maintained that it would be generated and billed by the end of May 2025.  *See* Doc. 388 at 9.[4]  However, in the six months since filing the fee application, Teradek has not provided the Court with a copy of the

---

[3] Teradek notes that Magee and Fisher reviewed the May 2025 Order, reviewed time entries corresponding to work done in response to Defendants' motions for reconsideration and undertook a good faith effort to exclude any excessive, redundant, or otherwise unnecessary work.  Doc. 388 at 5.

[4] Teradek filed its application fee on May 29, 2025, and noted that the invoice would be generated by the end of the month, presumably just one day later on May 30, 2025.  *See* Doc. 388 at 9.

6

relevant invoice nor any other form of contemporaneous time records for work spent on preparing the fee application.

Therefore, the Court lacks the information it needs to determine whether the fees related to the preparing the fee application are reasonable. Accordingly, the Court declines to award Teradek fees for time spent preparing the fee application and directs Teradek to file contemporaneous time records of this work by December 1, 2025.

### B. Work Unnecessary and Unrelated to the May 2025 Order

Defendants argue that Teradek requests fees for work unnecessary and unrelated to responding to the motions for reconsideration and that those entries should be excluded from the Court's award. Doc. 400 at 7–8. Specifically, Defendants challenge 10.9 hours of work to: (1) adjust Teradek's opposition brief after Defendants refused to withdraw their motions for reconsideration; (2) finalize Teradek's opposition brief; and (3) amend discovery timelines.[5] *Id*. The Court finds that Teradek can recover fees for time spent adjusting and finalizing its opposition papers but cannot recover for time spent to amend the discovery schedule.

In evaluating a party's fee application, "the district court should exclude excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433–35, 440 (1983)). Where a requested time entry includes some work which is compensable and some which is not, the district court retains discretion on how to appropriately reduce the awarded fees. *See, e.g.*, *Eaton Partners, LLC v. Azimuth Capital Management IV, Ltd.,* No. 18 Civ. 11112 (ER), 2021 WL 4392478, at *9

---

[5] Specifically, Defendants identify three time entries on February 14, 2025 to be excluded, which respectively detailed: (1) 5.6 hours of Fisher's work to adjust and finalize Teradek's opposition brief after Defendants' refused to withdraw their motions for reconsideration, (2) 0.6 hours of Fisher's work to draft a motion to amend discovery timelines; and (3) 4.7 hours of Magee's work to both finalize Teradek's opposition papers and amend discovery timelines. Doc. 400 4–5.

(S.D.N.Y. Sept. 23, 2021) (applying a 10% reduction in hours in part for "block-billed" time entries that were otherwise clearly described); *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16 Civ. 1318 (GBD) (BCM), 2019 WL 11825219, at *5, 7 (S.D.N.Y. June 13, 2019) (applying 40% reduction where counsel's records included "a number of block-billed entries that reflect time spent on multiple activities, not all of them compensable as sanctions").

First, the Court finds that work to adjust Teradek's opposition brief after Defendants refused to withdraw their motions for reconsideration is within the scope of the May 2025 Order. Defendants argue that this is unjustifiable because, "had Defendants elected to withdraw their motions for reconsideration, there would have been no necessity [] for Plaintiffs to file an opposition response, thereby eliminating any justification for . . . time claimed for reworking or revising the opposition brief predicated upon Defendants' decision not to withdraw their motions." Doc. 400 at 8. The Court finds this argument unavailing. Defendants did not withdraw their motions, and Teradek amended their brief and attached exhibits to reflect that refusal. *See* Doc. 373 at 12–13; Doc. 373–1; Doc 373–2. This work was clearly within the May 2025 Order's grant of fees incurred in responding to Defendants' motions.

The Court similarly finds that any work spent on finalizing Teradek's opposition brief is clearly within the scope of the May 2025 Order.

However, the Court declines to award fees related to amending discovery timelines, as that work is not within the scope of the May 2025 Order. On February 14, 2025, the same day Teradek filed its opposition to Defendants' motions for reconsideration, Doc. 373, Teradek also filed a motion to amend the discovery schedule, Doc. 374. The extension request does state that the need for more time stems from Defendants' motions for reconsideration, which according to the Teradek, "create[d] a lack of finality as to issues impacting the remaining discovery

deadlines."[6] *Id.* at 2.  However, the Court finds that seeking to amend the discovery schedule and responding to Defendants' motions for reconsideration are sufficiently distinct processes such that Teradek cannot recover for the former.

Accordingly, with respect to Fisher's work, the Court declines to grant Teradek the 0.6-hour time entry for work to amend the discovery schedule.  As Magee's 4.7-hour time entry includes work for both finalizing the opposition brief and amending the discovery schedule, the Court reduces the award for this entry by 25% to 3.5 hours.

### C. Work Performed After Teradek Filed its Objection

Defendants argue that Teradek should not be awarded fees for any work that occurred after Teradek filed its opposition to Defendants' motions on February 14, 2025.  Doc. 400 at 6–7.  Specifically, Defendants challenge 13.9 hours submitted for work to change the discovery schedule, review deposition records, consider a motion to strike, and review Defendants' reply motion.[7] *Id*.  Of these time records, the Court finds that Teradek can recover for its review of deposition records, consideration of a motion to strike, and review of Defendants' reply motion, but not for its work to amend the discovery schedule.

Above, the Court already found that time spent amending the discovery schedule is not sufficiently related for fees to be awarded by the May 2025 Order.  This finding also applies to

---

[6] Specifically, Teradek requested that deadlines for initial expert reports, rebuttal expert reports, expert deposition completion, and expert discovery completion all be extended by three additional months.  Doc. 374 at 2.  The first of those deadlines, for initial expert reports, was initially scheduled for February 21, 2025, and the proposed extension was to May 14, 2025.  *Id*.

[7] Specifically, Defendants identify six time entries after February 14, 2025, which respectively detailed:  (1) 0.2 hours of Fisher's time to review Defendants' response to proposed discovery schedule; (2) 0.9 hours of Magee's time to review the same; (3) 0.2 hours of Fisher's time to review the Court grant of the proposed discovery schedule; (4) 4.1 hours of Fisher's time to review deposition testimony and consider a motion to strike; (5) 4.1 hours of Fisher's time to review Defendants' reply brief in support of reconsideration and consider a motion to strike; and (6) 4.4 hours of Magee's time to review the reply in support of reconsideration.  Doc. 400 6–7.

9

work performed after Teradek filed its opposition brief, and the Court therefore declines to award Teradek the related fees.

The Court finds that Teradek can recover fees associated with reviewing deposition records and considering a motion to strike, even though those occurred after Teradek filed its opposition papers. In their initial motions for reconsideration, Defendants focused on the depositions of Mr. Agiv and Mr. Kanonich. Docs. 365 at 4–6, 367 at 5–6. In their opposition brief, Teradek challenged Defendants' characterizations of these depositions. *See, e.g.*, Doc. 373 at 9 ("Defendants now point to the pre-existing deposition testimony (taken almost a month after [initial briefing concluded]) to support reconsideration, flagrantly disregarding the strict standard governing reconsideration . . . .").

Even after the opposition brief was filed, Teradek's attorneys continued to analyze Defendants' characterizations, reviewing the relevant depositions and considering a motion to strike. Doc. 389-1 at 8–9. This analysis was a part of responding to the motions, even if it was not ultimately used. Therefore, the Court finds that Teradek can recover for these fees.

For similar reasons, the Court finds that Teradek can recover all fees associated with reviewing Defendants' reply brief. Reviewing Defendants' reply brief and determining whether to file a sur-reply is a part of responding to Defendants' motions for reconsideration. Therefore, the Court finds this work to be within the scope of the May 2025 Order.

Accordingly, of the 13.9 hours requested for work performed after Teradek filed its opposition brief on February 14, 2025, the Court declines to award Teradek 1.3 hours which was spent on requesting an adjustment to the discovery schedule.[8]

---

[8] Specifically, the Court declines to award Teradek for the following challenged time entries: (1) 0.2 hours of Fisher's time to review Defendants' response to proposed discovery schedule; (2) 0.9 hours of Magee's time to review the same; and (3) 0.2 hours of Fisher's time to review the Court grant of the proposed discovery schedule.

D.  **Fee Entries with Partial Redactions**

Defendants argue that Teradek should not be awarded fees for records that have partial redactions, as such redactions "hinder the [C]ourt's ability to assess the reasonableness of requested fees" and "demonstrate co-mingled or 'lumped' invoice entries that fail to provide the requisite specificity regarding hours expended in relation to the nature of work performed." Doc. 400 at 8–9.

When a party submits heavily redacted billing records in a fee application, district courts can withhold fees entirely for affected entries or reduce the total awarded fees by a fixed percentage. *See, e.g.*, *WFCM 2016-LC25 West Bay Area Boulevard, LLC v. Tyler*, No. 21 Civ. 8865 (VSB) (OTW), 2024 WL 4664720, at *9 (S.D.N.Y. Mar. 12, 2024), *R&R adopted* No. 21 Civ. 8865 (VSB) (OTW), 2025 WL 2424353 (S.D.N.Y. Aug. 22, 2025) (reducing a parties total awarded fees by 20% due to heavy redactions on "[n]early every page"). However, where redactions are more limited, courts in this district have found billing records to be "sufficiently detailed to demonstrate the number of hours expended . . . ." *Canada Dry Delaware Valley Bottling Co. v. Hornell Brewing Co.*, No. 11 Civ. 4308 (PGG), 2013 WL 6171660, at *5 (S.D.N.Y. Nov. 25, 2013); *see also Fair Housing Justice Center*, 2025 WL 965129, at *9 (finding that "entries redacted based on privilege are not inherently vague, and that certain entries that appear vague on their face may, in context, 'sufficiently document the hours claimed.'"). Further, courts can consider efforts that parties have already undergone to address redaction issues prior to submitting the fee application. *See, e.g.*, *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16 Civ. 1318 (GBD) (BCM), 2020 WL 2512045, at *4 (S.D.N.Y. May 15, 2020) (deciding to reduce requested fees only by 5% where "some of the

11

time entries . . . relate predominately to tasks outside the scope of the award," because the defendant had already reduced their requested fees by 25% to address such issues).

Defendants argue that Teradek should not be awarded fees for three partially redacted entries totaling 12.5 hours.[9]  Doc. 400 at 8–9.  The Court finds each of these entries sufficiently detailed to document the hours claimed.

First, Teradek acknowledges these partial redactions, stating that "[a]ny redactions to time entries . . . are limited and based on privilege and/or work product protection as indicated on the invoices."  Doc. 388 at 6.  Each of the challenged entries includes a description of the work performed followed by a partially redacted entry showing that Magee spoke with a Teradek employee.  Doc. 389-1 at 4, 7.  As a result of Teradek's work to exclude ineligible billing entries when preparing the application, there are only three such entries for which Teradek requests fees.[10]  The Court is satisfied with the amount of detail provided in these entries and declines to eliminate or reduce the requested time billed.

### E. Reasonableness of Rates

Defendants argue that the requested 2025 billing rates for Teradek's attorneys have unreasonably increased since 2023 and therefore should be reduced across the board.  Doc. 400 at 10.  The Court finds the requested rates reasonable.

---

[9] Specifically, Defendants identify the following time entries, all for Magee:
    (1) "Attention to reconsideration filings from Defendants; communications with [Teradek employee] regarding [redacted];"
    (2) "Review Chinese IP Court decision on appeal; emails with [Teradek employee] regarding [redacted]; outline letter to [defendants] regarding frivolous reconsideration motions; work on opposition to motions for reconsideration;"
    (3) "Review Chinese appeal decision in view of motions for reconsideration, multiple communications with [Teradek employees] [redacted]."  Doc. 400 at 8–9.

[10] In its fee application, Teradek excluded all time entries where the work "related in part to efforts recoverable under the [May 2025] Order, if those entries were co-mingled with non-recoverable tasks."  Doc. 388 at 2.  Additionally, entries which were either "immaterial and unrelated" to the fee application were completely redacted.  *Id.* at 5

When determining reasonable hourly fees, Courts look to the "'prevailing market rates,' those 'in line with . . . rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Fair Housing Justice Center*, 2025 WL 965129, at *2 (quoting *Reiter*, 457 F.3d at 229, 232 (2d Cir. 2006)). Further, "[e]vidence that the client 'actually paid' the fees requested is 'compelling evidence of a reasonable market rate.'" *Charlestown Capital Advisors, LLC*, 2021 WL 1549916, at *2; *Graziano v. First Unum Life Insurance Co.*, No. 21 Civ. 2708 (PAC), 2024 WL 1175143, at *2 (S.D.N.Y. Mar. 19, 2024) (recognizing that an "attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of the market rate").

Here, Teradek requests $880 per hour for Magee's work and $750 per hour for Fisher's work. *See* Doc. 388 at 6. Magee is a partner at Greenberg Traurig with twenty-four years of civil litigation experience, a majority of which was spent litigating intellectual property disputes. Doc. 389 ¶ 10. Fisher is an associate at Greenberg Traurig with ten years of litigation experience, five of which were spent litigating intellectual property disputes. *Id.* ¶ 11. The requested rates are Magee's and Fisher's customary rates for 2025, *Id.* ¶¶ 10–11, and all the requested fees are for work performed in 2025, *see* Doc. 389-1.

Defendants argue that these rates are unreasonable because they are substantially higher than rates that Magee and Fisher submitted in prior fee applications in this litigation. Doc. 400 at 10. The Court has awarded Teradek fees several other times during this litigation, Docs. 187 at 42, 350 at 14–15, 363 at 37, and accordingly Teradek has submitted fee requests multiple times, Docs. 195, 351, 368. Defendants correctly point out that for work performed in 2023, Magee billed $550 an hour and Fisher billed $375 an hour, Docs. 195 at 2, 351 at 3, 368 at 8, meaning the rates requested in the current fee application are 60% and 100% higher, respectively. Doc.

13

400 at 10. However, the 2023 rates for both attorneys were reduced due to a "negotiated discount" between Greenberg Traurig and Teradek. Doc. 369 ¶¶ 7, 9 (noting that in 2023, Magee's customary billing rate was reduced by 15% and Fisher's by 21%); Doc. 355 ¶¶ 7, 9 (same). For the 2023 calendar year, Magee's customary billing rate was $650 an hour and Fisher's was $475 an hour; in 2024, those rates rose to $800 (23% yearly increase) and $660 (39% yearly increase), respectively; and in 2025, those rates rose again to $880 (10% yearly increase) and $750 (14% yearly increase), respectively. *Id*.

This district has approved comparable rates in similar intellectual property litigation. *See, e.g.*, *Adstra, LLC v. Kinesso, LLC*, No. 24 Civ. 2639 (LJL), 2025 WL 1070034, at *7 (S.D.N.Y. Apr. 9, 2025), *appeal docketed* (approving an hourly rate of $1,421 for a Greenberg Traurig partner and rates between $554 and $883 for Greenberg Traurig associates in a complex commercial case involving alleged violations of the Defend Trade Secrets Act, common law misappropriation, unfair competition, and breach of the covenant of good faith and fair dealing). Previously in this litigation, the Court awarded Teradek fees using the 2024 and 2025 rates.[11] Doc. 387 at 19–21. Further, Teradek has been invoiced and has already paid all of the requested fees. Doc. 388 at 7. With the aforementioned in mind, the Court finds the rates for Magee and Fisher reasonable.

### F. Reasonableness of Hours

Finally, Defendants raise several related arguments all to the number of hours for which Teradek requests fees and ask that they be reduced by 40%. Doc. 400 at 6–9. The Court agrees

---

[11] In 2024, Fisher billed Teradek his full $660 rate for most of his time and provided a 10% discount for the balance. Doc. 368 at 8. In 2025, for hours spent preparing a prior fee application, while Fisher billed Teradek his full rate Magee provided a 5% discount. *Id*.

that the hours should be reduced, but applies a 10% reduction on the remaining fees after the reductions discussed above.

A claimant is only entitled to recover for hours reasonably expended and not for hours that are excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 433–34. The Court may reduce the number of hours for which recovery is granted if it finds it cannot credit the prevailing party's representations that a certain number of hours were reasonably expended. *Lunday v. City of Albany*, 42 F.3d 131, 133 (2d Cir. 1994). Rather than engage in a "painstaking line-item review of each billing entry, in calculating an appropriate reduction of compensable hours '[a] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.'" *M.D. v. New York City Department of Education*, No. 17 Civ. 2417 (JMF), 2018 WL 4386086, at *4 (S.D.N.Y. Sept. 14, 2018) (alteration in original) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006)).

Courts in this district have applied this strategy numerous times, generally reducing excessive fees by 10% to 40%. *See, e.g., K.G. v. New York City Department of Education*, No. 22 Civ. 9476 (ER), 2024 WL 3466810, at *7 (S.D.N.Y. July 19, 2024) (applying a 10% reduction to time billed in a federal action due to excessive hours); *KGK Jewelry LLC v. ESDNetwork*, No. 11 Civ. 9236 (LTS) (RLE), 2015 WL 2129703, at *3 (S.D.N.Y. May 6, 2015) (applying 40% reduction where time billed in opposition to discovery misconduct was excessive).

Essentially, Defendants argue that when compared to hours billed in previous fee applications, Teradek's requested hours are: (1) excessive given the relative complexity of the

15

work, and (2) partially unnecessary, as the total hours were malapportioned between Magee, a partner, and Fisher, an associate. Doc. 400 at 10–12.

After the Court's reductions above, Teradek's compensable number of hours is 41 for Fisher and 39.9 for Magee, for a total of 80.9. This number is slightly higher than in previous fee applications, where Teradek requested 50.7 hours for preparing a motion to compel and its corresponding reply brief, Doc. 195 at 2; 58 hours for preparing a motion for sanctions, Doc. 355 at 9; and 57.9 hours for preparing a motion for spoilation sanctions, Doc 368 at 8. However, this increase is not large enough to be concerning to the Court. Additionally, the work was not without complexity, as Teradek replied to two separate motions, Docs. 364, 366, one of which was predicated on international caselaw. *See* Doc. 365. Moreover, the work involved more than drafting motions as detailed above.

Defendants also argue that the work was disproportionately allocated, as both Magee, a partner, and Fisher, an associate, each performed 50% of the work.[12] In previous fee applications, Fisher performed 75-84% of the hours worked, and Magee 16-25%. *See* Docs. 195 at 2, 355 at 9, and 368 at 8. Defendants' argument has merit, as Magee, a partner, did a markedly higher percentage of the work responding to the motions for reconsideration than he did for previous motions.

Accordingly, the Court finds that Teradek requests slightly more hours than the Court would expect reasonable attorneys to expend on this case. For that reason, the Court imposes a 10% reduction on the remaining fees requested by Teradek.

## IV. CONCLUSION

---

[12] The fifty-fifty ratio is true both for the initial requested hours and the hours after the Court's reductions above.

For the reasons stated herein, Teradek's motion for fees is GRANTED in part and DENIED in part. The Court does not grant Teradek fees related to the preparation of the fee application at this time and directs Teradek to file contemporaneous time records of that work by December 1, 2025. As detailed in the chart below, Teradek is granted $58,592 in fees associated with responding to Defendants' motions for reconsideration.

|  | Attorney Fisher ($750 per hour) | Attorney Magee ($880 per hour) |
| --- | --- | --- |
| Requested hours | 42 | 42 |
| Section III(B) reductions | 41.4 (-0.6) | 40.8 (-1.2) |
| Section III(C) reductions | 41 (-0.4) | 39.9 (-0.9) |
| Section III(F) reductions | 36.9 (-10%) | 35.9 (-10%) |

|  |  |  |
| --- | --- | --- |
| Per Person Award | $27,675 | $31,592 |

|  |  |
| --- | --- |
| Total Award | $59,267 |

The Clerk of the Court is respectfully instructed to terminate the motion, Doc. 388.

It is SO ORDERED.

Dated:   November 19, 2025
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.